IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMAN DATA SYSTEMS, LLC, FLORIDA SOFTWARE SYSTEMS CORPORATION, & FLORIDA SOFTWARE SYSTEMS, INC., | : : : : : | No. 4:13-mc-00520 (Judge Brann) |
| Plaintiffs, | : : : | |
| v. | : : | |
| MARC R. SCHESSEL & PRIMROSE SOLUTIONS LLC | : : : | |
| Defendants. | : | |

## PROTECTIVE ORDER
January 16, 2014

AND NOW, this 16th day of January 2014, upon the motion of Geisinger System Services ("GSS") for a protective order (ECF No. 1), together with all responses thereto, and for good cause shown, it is hereby **ORDERED** that the motion is GRANTED as follows:

1. Information That May Be Designated As Confidential.

    a. "Confidential Information" means trade secrets, proprietary know-how, or other confidential research, development, commercial, or other information that non-party GSS produces to the Plaintiffs in the above captioned matter, whether directly or through counsel, and

1

designates as confidential pursuant to the procedures in this Order.

    b.    GSS may designate as Confidential Information any of the following: (a) documents produced by GSS at any time in this litigation; (b) GSS's responses to document requests; (c) deposition transcripts of GSS personnel or any part thereof; and, (d) access to GSS's premises for inspection or information. Permitting GSS to utilize certain definitions of Confidential Information herein is solely for the purpose of facilitating discovery in the above-captioned litigation and does not constitute an admission that any particular category of information is confidential under the substantive law of Pennsylvania. The designation of Confidential Information pursuant to this Order shall not have any bearing on whether such documents or information shall be ultimately adjudicated on the merits to be confidential, trade secrets, or otherwise protected from disclosure.

2.    This Protective Order shall not apply to information or tangible items obtained by means independent of voluntary production by GSS, discovery, or other proceedings in this action, provided that the

acquisition of the information or tangible items has been through lawful means. The restrictions set forth in this Protective Order shall not apply to information or tangible items which, at or prior to disclosure in this action, are or were within public knowledge through lawful means, or which, after disclosure, come within public knowledge other than by act or omission of the one receiving the GSS Confidential Information or its agents, consultants or attorneys. The Order shall not include information that:

a. is obtained by the receiving party from another source that has a legal right to disclose it to the receiving party, without restriction on disclosure and/or use; or

b. is required by law or order of a government agency to be disclosed, provided that the designating party is notified in writing at least ten days prior to such disclosure to enable the designating party to take any appropriate actions as it sees fit under the circumstances and provided further that the receiving party shall in any event seek and secure confidential treatment of Confidential Information so disclosed, to the fullest extent permitted under applicable law and/or

regulation, and shall disclose no more than is absolutely necessary under such law or government order.

3. <u>Categories of Protected Information</u>

   a. <u>Basis for Designating Confidential Information</u>. GSS may designate Confidential Information based upon a good faith belief that the information constitutes or contains information of GSS that is not available to the general public, including, but not limited to, trade secrets, know-how, proprietary data and/or other technical, commercial, business, financial or personal information.

   b. <u>Basis for Designation of Attorneys' Eyes Only Information</u>. GSS may also designate information as "Attorneys' Eyes Only" based upon a good faith belief that the information constitutes or contains GSS's highly sensitive confidential business information which, if placed in the hands of a third party, may place GSS at a competitive disadvantage because said information relates to GSS's license terms, pricing, financial records, sales strategies, distribution strategies, manufacturing procedures, technical knowledge, unpatented

inventions, patent applications, technical development plans and notes, manufacturing secrets, secret processes, formulae, potential customers, and potential distributors, or other confidential and proprietary information, as well as highly sensitive trade secrets relating to GSS's market plans in its industry. As used in this Protective Order, and expert as otherwise set forth, "GSS Confidential Information" includes both information designated as "Confidential" and "Attorneys' Eyes Only."

4. <u>Permissible Use of GSS Confidential Information</u>. Any person having access to GSS Confidential Information shall use it only for the purposes of the above-captioned litigation (including appeals); shall not disclose it to anyone other than those persons designated herein; and shall handle it in the manner set forth in this Protective Order. GSS's designation of material as Confidential shall not itself affect the rights of GSS (or GSS's authorized representative) to give or disclose GSS Confidential Information to any person for any reason, and such giving or disclosing of Confidential Information shall not be deemed a waiver of this Protective Order. Such information shall not be used in

or for other cases, proceedings, or disputes, or for any commercial, business, competitive, or other purpose whatsoever.

5. <u>Persons With Access to Information Designated as Confidential</u>. Access to information designated as "Confidential" by GSS shall be limited to:

    a. Plaintiffs, including Plaintiffs' officers, directors, employees, and former employees;

    b. In-house counsel for Plaintiffs and Plaintiffs' outside counsel whose firms have entered an appearance in this case (including counsel's employees, agents, and clerical assistants);

    c. Defendants in the above-captioned action, including Defendants' officers, directors, employees, and former employees;

    d. Counsel for Defendants whose firms have entered an appearance in this case (including counsel's employees, agents, and clerical assistants);

    e. The Court, court personnel, and court reporters;

    f. Experts and consultants (including their employees and

clerical assistants) who are employed, retained, or otherwise consulted by counsel of record for Plaintiffs or Defendants for the purpose of analyzing data, conducting studies, or providing opinions for assistance in this litigation; and

    g.     Persons whom counsel for Plaintiffs or Defendants believes are likely to be called to give testimony on matters related to information designated as "Confidential" or who are believed to possess information necessary for the prosecution of this litigation.

6.     <u>Persons With Access to Information Designated as Attorneys' Eyes Only</u>. Access to information designated as "Attorneys' Eyes Only" shall be limited to:

    a.     Outside counsel for Plaintiffs or Defendants whose firms have entered an appearance in this case (including counsel's employees, agents and clerical assistants);

    b.     The Court, court personnel, and court reporters;

    c.     Experts and consultants (including their employees and clerical assistants) who are employed, retained, or otherwise consulted by counsel of record for Plaintiffs or Defendants for

>   the purpose of analyzing data, conducting studies, or providing opinions for assistance in this litigation; and
> 
> d. Deposition witnesses who previously had access to the information;
> 
> e. Officers, directors, and employees of GSS; and
> 
> f. Any other person only upon order of the Court or upon stipulation of GSS.

Should Plaintiffs or Defendants disclose GSS's Confidential Information to the person(s) listen in Paragraph 5(f) or 5(g) or Paragraph 6(c), 6(d) or 6(f), they shall advise such person(s) of the existence of this Protective Order and the terms herein (but only to the extent the person is not an officer, director or employee of GSS). Such parties shall sign and retain a declaration acknowledging that they have read this Protective Order and agree to be bound by its terms. Notwithstanding anything to the contrary in Paragraphs 5 and 6 above, with respect to documents or things designated as GSS Confidential Information, any person indicated on the face of the document or thing as an originator, author or recipient of a copy thereof may be shown the same, without restriction.

7. <u>Filing and Use of Confidential Information in Court</u>.  If Plaintiffs or Defendants wish to file with the Court a pleading, motion, memorandum, brief, deposition transcript, discovery request or response, exhibit, or other document that produces, paraphrases, summarizes or otherwise contains any information GSS designates as "Confidential" or "Attorneys' Eyes Only," the filing party shall place the legend "Confidential—Filed Under Seal and Subject to Protective Order" on the front page of any such document filed with the court. The filing party shall seek leave to file under seal any such document pursuant to the requirements of the United States District Court for the Middle District of Florida, Tampa Division, by filing with the clerk of the court a paper copy filed in the traditional manner and not electronically, along with a copy of the order attached to the documents and the request for under seal status.  If leave to file under seal is denied, then the filing party may challenge GSS's designation pursuant to the procedures set forth in Section 12(b) of this Protective Order.  The filing party shall be prohibited from any public filing of GSS Confidential Information unless or until GSS either withdraws its designation or is ordered to do so pursuant to the terms of this

Protective Order.

8. <u>Procedures to Designate Confidential Information</u>. For the purposes of this Protective Order, "documents" shall have the broadest possible meaning as defined in the Subpoena and/or the Federal Rules of Civil Procedure (and such definitions are incorporated by reference herein).

   a. GSS may designate information which GSS believes, in good faith, to constitute GSS Confidential Information as "Confidential" or "Attorneys' Eyes Only" in accordance with the provisions of this Protective Order. In the case of documents, designation shall be made by placing the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on at least the first page of the document prior to production. Documents may be produced for inspection before being marked Confidential. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked "Confidential" pursuant to this procedure.

   b. Whenever a deposition taken of a GSS witness or an inspection of GSS's premises is made which involves a

disclosure of GSS Confidential Information:

i. Said deposition, inspection or portions thereof may be designated as "Confidential" or "Attorneys' Eyes Only." Such designations shall be made on the record whenever possible, but GSS may designate portions of depositions as "Confidential" or "Attorneys' Eyes Only" after transcription by no later than ten (10) business days after receipt of the deposition transcript, informing the parties to this action in writing of the portions of the transcript designated "Confidential" or "Attorneys' Eyes Only;"

ii. GSS shall have the right to exclude from attendance at depositions or inspections, during time(s) that GSS Confidential Information is or may be disclosed, any person other than a deponent, counsel (including their staff and associate), the court reporter, and the person(s) agreed upon pursuant to Paragraphs 5 and 6 above. The GSS Confidential Information shall not be disclosed until requirements of this provision have been met or waived; and

   iii. The original transcripts containing GSS Confidential Information and all copies thereof shall bear the legend "Confidential" or "Confidential Attorneys' Eyes Only" as appropriate.

9. <u>Retention of Confidential Information</u>.  All GSS Confidential Information which has been designated as "Confidential" or "Attorneys' Eyes Only" by GSS, and any and all reproductions thereof shall be retained only in the custody of counsel for the parties in the above-captioned litigation, except that experts and consultants authorized to view such information under the terms of this Protective Order may retain custody of such copies as are necessary for their participation in the above-captioned litigation.

10. <u>Disclosure of Confidential Information In Other Actions</u>.  In the event that a person subject to this Protective Order receives a subpoena related to another action that seeks the production of GSS Confidential Information, the recipient shall, within not more than ten (10) business days, provide notice to GSS.  To the extent permitted by law, the recipient shall not produce the GSS Confidential Information at issue for at least ten (10) business days from the date the recipient

receives the subpoena and shall cooperate fully with GSS in contesting the subpoena.

11. <u>Return of GSS Confidential Information</u>. Within thirty (30) days of the conclusion of this case, including any appellate proceedings, all GSS Confidential Information produced in this litigation, including any copies thereof and summaries or descriptions thereof contained in other documents, shall be returned to GSS. Alternatively, GSS may agree to the destruction of such information, and the party in possession of the information shall provide written confirmation of its destruction.

12. <u>Challenges to Designations of Confidentiality</u>.

    a. No party covered by the terms of this Protective Order concedes that any material designated by any other person as "Confidential" or "Attorneys' Eyes Only" does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential. Any party covered by the terms of this Protective Order may at any time move for relief from the provisions of this Protective Order with respect to specific material, as set forth

below.

b. If a party believes that any information labeled as GSS Confidential Information is not properly designated "Confidential" or "Attorneys' Eyes Only," that party may, at any time, notify Gesinger and request a release of confidentiality or modification of the confidentiality designation. The challenging party and GSS shall attempt in good faith to resolve any dispute that may arise and should only seek appropriate application with the Court in order to protect the rights created by this Protective Order after all efforts to privately resolve their dispute have failed. If GSS does not grant the requested release or modification of confidentiality within ten (10) business days, the challenging party may thereafter file a motion with the United States District Court for the Middle District of Pennsylvania requesting a determination by the Court as to whether the information at issue shall be treated as "Confidential," "Attorneys' Eyes Only," or not confidential under the terms hereof. If a challenging party files a motion with the Court

requesting such a determination, the confidential status of the information shall be maintained pending the Court's ruling on the motion. No party shall be obligated to challenge the propriety of any designation of information as "Confidential" or "Attorneys' Eyes Only," and the failure to do so promptly shall not preclude any subsequent objection to such designation. An objection may be raised at any time during this case.

c. The burden of proving the confidentiality of information designated as GSS Confidential Information remains with GSS at all times for the duration of these proceedings.

13. <u>Inadvertent Disclosure</u>. The inadvertent disclosure of Confidential Information by GSS shall not be construed as a waiver, in whole or in part, of the confidentiality of the information, either as to the specific information disclosed or as to any other information relating thereto. If multiple versions of the same document are produced with different confidentiality designations, the more restrictive designation shall apply to all copies produced even if not so designated.

14. Production or disclosure of GSS Confidential Information according

to the provisions of this Protective Order shall not prejudice the right of any person making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.

15. Nothing in this Protective Order shall affect in any way the right of Plaintiffs or Defendants to introduce GSS Confidential Information into evidence during trial or at any hearing in the above-captioned matter.

16. The United States District Court for the Middle District of Pennsylvania shall retain jurisdiction to construe, enforce and amend this Order. The Court retains the right to allow, *sua sponte* or upon motion, the disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge